IRVING, J.,
dissenting:
¶28. With respect, I must disagree with the majority. I would affirm the judgment of the circuit court, which reversed the decision of the Mississippi Department of Employment Security. I agree with the dissent authored by Judge Ishee. However, I write separately because it appears to me that neither the majority nor Judge Ishee’s dissent gives proper weight to the singular fact that provides ample footing for the decision of the circuit court: the absence of any evidence that Trent sexually harassed Darby after August 6, 2007, the date that the Howells reconciled with Darby with respect to Trent’s previous conduct toward Darby.
¶29. I want to be clear: the record contains ample evidence to justify a finding that Trent’s initial actions toward Darby would have justified Darby leaving her employment with the Howells had she done so prior to their reconciling with her. I would also agree that had Trent continued his old ways after the reconciliation, it would have been proper to consider his pre-reconciliation conduct in deciding whether Darby was justified in terminating her employment when she did.
¶ 30. The circuit court found that the Board of Review did not consider all of the evidence. I agree. Based on the decision of the Board of Review, it could not have considered Trent’s post-reconciliation conduct toward Darby, as his post-reconciliation conduct toward Darby does not provide a justifiable basis for Darby terminating her employment, notwithstanding the fact that his pre-reconciliation conduct did. Three incidents between Trent and Darby occurred after the reconciliation between Darby and the Howells, and it is these incidents upon which Darby bases her case that she was justified in terminating her employment with the Howells. Regarding these incidents, the record reveals the following facts adduced during the hearing before the administrative judge, who found that Darby had terminated her employment without justification.
¶ 31. On August 9, 2007, Trent called Darby’s dentist, who was also a personal friend of Trent’s, and asked if Darby had kept her dental appointment that day. According to Trent’s testimony, Darby was to return to the office to pick up a file. The file pertained to title work Darby was to complete in Batesville, Mississippi, first thing the next day. Darby never returned to the office to pick up the file following her appointment, nor did she call the office to tell Trent where she was.
¶ 32. On September 14, 2007, Trent came to Darby’s home to retrieve commitment papers related to a lunacy case. According to Trent’s testimony, Darby handled commitment proceedings for the office. Darby was scheduled to appear in court that day but did not appear. Shelley attempted to contact Darby, but when she could not reach her, Shelley contacted Trent. Trent agreed to stop by Darby’s home on his way back to the office to see if she was home. Darby was at home with her boyfriend. According to Trent’s testimony, he admonished Darby for her recent performance at work, which resulted in an argument between the two. Both Trent and Darby testified that Darby later called to apologize for arguing with Trent.
¶ 33. On September 28, 2007, Trent called Darby’s hairdresser. Trent testified that Darby had asked for a half-day off work on a Friday to visit her boyfriend out of town. Trent also overheard Darby say that she was going to a bar on Thursday night. On Friday morning, Darby called in sick. Trent saw a car that looked like Darby’s in town that day and had heard *834 Darby mention that she wanted to see her hairdresser before leaving town. Suspicious about the timing of her illness, Trent called Darby’s hairdresser to see if she was there.
¶ 34. As stated, all of the events that Darby complains of occurred after the August 6, 2007, reconciliation meeting between her and the Howells. As these events, by any reasonable interpretation, do not constitute substantial evidence that Darby was justified in leaving her employment, I would affirm the judgment of the circuit court.
ISHEE, J., JOINS THIS OPINION IN PART.